No. 71,980

In the Matter of KATHERINE PHELPS-GRIFFIN, *Respondent.*
(886 P.2d 788)

Opinion filed December 9, 1994.

*Marty M. Snyder,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam:* This original proceeding in discipline was filed by the Disciplinary Administrator's office against Katherine Phelps-Griffin (respondent), a Topeka attorney, alleging multiple violations of MRPC 8.4(b), (c), (d), and (g) (1993 Kan. Ct. R. Annot. 347).

The controlling facts are not disputed. The respondent, on or about August 16, 1993, was convicted in Shawnee County District Court of 30 counts of giving a worthless check (K.S.A. 1992 Supp. 21-3707). Respondent was placed on probation for two years by the district court and was ordered to make restitution in the total amount of $3,652.56.

The hearing panel of the Board for Discipline of Attorneys found that the respondent had been cooperative with the office of the Disciplinary Administrator and the panel throughout the investigation and hearing and that the respondent had no prior disciplinary record. Based upon the uncontested facts, the panel found the respondent had violated MRPC 8.4(b) by committing criminal acts that reflect adversely upon the respondent's honesty, trustworthiness, or fitness as a lawyer and MRPC 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation. The panel recommended discipline as follows:

"It is therefore the recommendation of the hearing panel that the respondent be given an indefinite suspension from the practice of law by the Supreme Court of the state of Kansas.

"It is the further recommendation of this panel that before reinstatement even be considered for the respondent that she make full restitution of the bad checks

she wrote and with interest thereon at the judgment rate from the date of writing. It is the further recommendation of this panel that before the respondent be reinstated to the practice of law in the state of Kansas that *there should be a finding based upon compelling evidence* that there is nothing in her personal life or financial situation that would suggest that there is a danger that the offenses of writing bad checks be repeated."

The respondent filed no exceptions to the report and recommendations of the hearing panel and failed to appear before this court at the time scheduled for hearing on the report. The court, having carefully considered the record, concurs in the findings, report, and recommendations of the hearing panel and finds that the respondent should be disciplined by indefinite suspension from the practice of law in Kansas and that such suspension, for purposes of Rule 219(e) (1993 Kan. Ct. R. Annot. 192), should be effective as of the 16th day of August, 1993.

IT IS THEREFORE ORDERED that Katherine Phelps-Griffin be and she is hereby disciplined for violations of the MRPC 8.4(b) and (c).

IT IS FURTHER ORDERED that Katherine Phelps-Griffin be indefinitely suspended from the practice of law in the State of Kansas effective as of August 16, 1993.

IT IS FURTHER ORDERED that Katherine Phelps-Griffin comply with the provisions of Rule 218 (1993 Kan. Ct. R. Annot. 187).

IT IS FURTHER ORDERED that Katherine Phelps-Griffin shall make restitution as ordered by the Shawnee County District Court in the sum of $3,652.56 plus interest prior to the filing of any petition for reinstatement pursuant to Rule 219.

IT IS FURTHER ORDERED that the respondent shall pay the costs of this action and that this order be published in the official Kansas Reports.